## WILLIAMS v. GULF REFINING CO. OF LOUISIANA.

### No. 5052.

Court of Appeal of Louisiana.
Second Circuit.
May 2, 1935.

Wm. C. Boone, of Shreveport, for appellant.

J. S. Atkinson and Frederick E. Greer, both of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff, while engaged with other employees of defendant in unloading timbers from a barge, slipped and fell across a manhole and was injured. The fact that he suffered an accident, resulting in some injury to him, and that it happened while performing duties under a contract of hiring with defendant, is not denied. He was then advised by his foreman, if he thought he was hurt, to "go in and sign up and be treated," but declined to do so, stating that he did not think his injury serious. He continued to work all that day. He was not a regular employee, but an extra, and therefore was not given continuous employment. He was called on to work as his services were needed. The record discloses that he worked for defendant on December 13th, 14th, 15th, 29th, 30th, and 31st, and on January 1st, 2d, 11th, 12th, 13th, 15th, 16th, 17th, 19th, 20th, and 21st. The character of labor performed by him on these days was the same he performed before the accident. He did it as well and as efficiently as had been previously done by him. About this time he and a fellow workman had a quarrel, and thereafter he was not given employment. He applied for work many times, but was advised that, as long as he and the workman with whom he had quarreled were unfriendly, his request would not be granted. He last applied on or about April 10th, and, assuring defendant's superintendent that he had become reconciled with the other workman, was promised employment within two or three days, or as soon as a job of taking up two or three miles of four-inch pipe was begun. He did not thereafter report for work, but on April 12th filed this suit to recover compensation for total and permanent disability.

Despite the foregoing record of his ability to do hard work for over six weeks immediately after the accident and his desire to do more of it, in his petition plaintiff alleges, and affirms with his oath, the character of his injuries to be: " * * * Striking petitioner's back in the lower parts, twisting his back, painfully injuring his pelvic bones, lower back bones, ligaments and muscles, tendons and fleshy parts, possibly tearing the ligaments, muscles and tendons from the bones of his lower back bone, spine and pelvic region, with possible fractures of bones and of the lower back, spine and vertebra, all of such petitioner firmly believes and sets forth, and that it permanently and totally disabled petitioner to do or perform work of any reasonable character, the only kind of work he is qualified to do, and your petitioner feels that he will never be able to do manual labor again, or the kind he was doing, work around oil fields, and is therefore entitled to total and maximum compensation allowed him by law."

Defendant's answer is that the injury actually sustained by plaintiff was trivial, the disability therefrom partial and temporary, and that the compensation paid him, a few cents over $12, was all he was entitled to.

After trial of the case, but before judgment, plaintiff was killed by a fellow workman. His surviving widow, for herself and one minor child, became party to the suit. She appealed from a judgment rejecting the demand for compensation, and dismissing the suit.

Deceased consulted a physician on December 16th, eleven days after he was hurt. He complained of his back. The muscles of the back were then found to be sprained and wrenched. His back was strapped with adhesive tape and a prescription given him by

the physician. At that time there were no external signs of trauma. The doctor did not consider the patient's condition serious enough to advise him to return for additional examination or treatment. It does not appear that any other physician was consulted by him. From this time until this suit was filed, or a day or two prior, deceased complained to no one, so far as the record discloses, of disability to work. His wife, contrary to the rule in such a case, did not testify in corroboration of the evidence given by him in support of his contentions.

Several physicians on behalf of plaintiff, basing their opinions entirely upon subjective symptoms, thought, at the time of filing the suit and its trial, that deceased was suffering from sacroiliac strain, and was totally disabled to perform hard labor. They were of the opinion that the condition found by them was the result of trauma, and that intelligent treatment would remove the cause within a short time. A number of physicians for defendant disagreed with these conclusions, as regards the nature and extent of the alleged injuries. They were unable to detect any pathological cause for the pains and ailments deceased claimed he was suffering from. It is shown that about one year before the accident on December 5th one of deceased's hips was injured in an automobile collision. He was treated at the hospital in Shreveport. An X-ray examination then revealed a growth of bone or tumor mass about the injured hip. He then complained of pains and suffering in and about the same parts of his body, and of the same character as those of which he complained when this suit was tried. The testimony does not disclose a causal connection between the conditions alleged to exist as a result of the last accident and those found to exist one year prior. It is not shown that the accident aroused to activity a preexisting dormant disease or ailment.

If the record measurably sustained the long list of injuries detailed in the petition, the right to recover compensation payments by the dependent widow and minor child would not be debatable. We are sure, however, such serious injuries were not suffered by deceased. His own testimony and demonstrations of ability to efficiently perform the heavy work incident to the duties of his employment after the accident as well as he had done before clearly sustain our conclusions in this respect.

The medical testimony is inconclusive in two material respects, viz.: (1) Whether deceased was suffering from an injury, at date of trial, traceable to or having causal connection with the accident on December 5th; and, (2) if so suffering, whether disability, partial or total, to do work of any reasonable character resulted therefrom. If we supplement this inconclusiveness with the fact that deceased labored off and on for defendant for six weeks after the accident, without complaint, and insisted on doing more of it, the conclusion is irresistible that the case has not been made out.

We think the judgment appealed from is correct, and it is hereby affirmed.