No. 2874

Second Circuit

CHANCELLOR v. CONTINENTAL LUMBER & TIE CO.

(May 13, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Master and Servant—Par. 159.

Where, after recovery of an injured employee suing for compensation under the Workmen's Compensation Act No. 20 of 1914, it is shown that he is en-

gaged in the same character of work and receives the same scale of wages as formerly, although he could not use his injured wrist for as heavy work as formerly, there is no disability under the Act and no compensation should be paid.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Morehouse. Hon. Percy Sandel, Judge.

Action by Monroe Chancellor against Continental Lumber & Tie Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Todd & Todd, of Bastrop, attorneys for plaintiff, appellant.

Hardin, Hardin & Cavanaugh, of Leesville, attorneys for defendant, appellee.

WEBB, J. The plaintiff, Monroe Chancellor, while in the employ of defendant, Continental Lumber & Tie Company, was injured and defendant paid compensation for about three months, when it claimed plaintiff had recovered from the disability resulting from the injury, and ceased payment, and plaintiff instituted this suit to recover compensation for permanent total disability, subject to credit of the payments made.

The defendant admitted all of the material allegations of plaintiff's petition, with the exception that the injury had resulted in disabling plaintiff to any extent further than the disability immediately following the injury, from which it alleged plaintiff had fully recovered, on the date it ceased to pay compensation.

On trial, plaintiff's demands were rejected, and he appeals.

## OPINION

The evidence establishes that plaintiff's wrist was fractured on April 20, 1925, and that he was treated by physicians furnished by defendant until about July 20, 1925, when the fracture had apparently healed, when he was discharged by the physicians and re-engaged in defendant's employ where he was given work similar to that in which he was engaged at the time of the accident and at the same wage, where he remained for about a month, or until the plant was destroyed by fire.

Following the destruction of the plant, plaintiff worked for a short time with a lumber company in Arkansas, and in December, 1925, he obtained employment as carpenter at his home in Monroe, in which employment he received the same rate of wages as he had received at the time of the injury, and in which employment plaintiff was engaged at the time of the trial in July, 1926.

The evidence establishes that the fracture had completely healed and the weight of the opinion of the physicians who examined plaintiff subsequent to July, 1925, when plaintiff re-entered defendant's employment, was that there was not any functional disability after that date and that plaintiff was not disabled to any extent, but plaintiff states that he is unable to perform as hard labor as he was before the accident and that he could not lift heavy objects, and that he was not able to work continuously at the employment in which he had engaged since the accident without pain.

The evidence, however, establishes that plaintiff was continuously employed in the work undertaken by him in July, 1925, until the plant was destroyed, and that he had been continuously employed as a carpenter since December, 1925, although it appears that the work undertaken by plaintiff in July, 1925, was not as heavy as that in which he had been engaged prior to the accident and that the carpenter work in which he had been engaged was lighter than the usual work of a carpenter.

The work, however, in which plaintiff has engaged since the accident, was of the same character as that in which he was engaged at the time of the accident, and he has in such employment received the same scale of wages as formerly; and it further appears that he performed the work to the satisfaction of his employers, and that he has been continuously engaged in the employment of carpentering when his employer had work to be done, and the evidence establishing that the fracture had healed and that there was not any functional disability resulting from the accident, we conclude that plaintiff has not shown that he was disabled to do work of the same character as that in which he was engaged at the time of the accident, and the judgment appealed from is affirmed.