## COLBEY v. EDWARDS CHEVROLET CO. et al.

### No. 5754.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 4, 1938.

Rehearing Denied Dec. 9, 1938.

Writ of Certiorari and Review Denied Feb. 6, 1939.

Julius T. Long, of Shreveport, for appellant.

Irion & Switzer, of Shreveport, for appellee.

HAMITER, Judge.

Compensation as for total and permanent disability is claimed by plaintiff in this suit which he instituted against his employer, the Edwards Chevrolet Company, and against the Fidelity and Guaranty Company. The principal allegations of his petition are that on October 23, 1936, while working for said employer as a mechanic at a weekly wage of $20, a motor vehicle fell from a jack and fractured bones in the ankle and foot of his right leg; that he has been totally and permanently disabled to do work of any reasonable kind; and that he has been paid weekly compensation totaling the sum of only $211.

Shortly after the commencement of the proceedings the named insurance company was dismissed therefrom by reason of an order of non-suit.

The Edwards Chevrolet Company answered admitting the employment and also the occurrence of the accident with accompanying injury. It further averred "that plaintiff had fully recovered from his injury prior to February 16, 1937, and returned to work on that date and that it has paid the full amount of compensation due him * * *"; and that he has been furnished all medical and hospital treatment.

A trial of the merits resulted in a judgment rejecting the demands of plaintiff and dismissing his suit. He prosecutes this appeal.

Claimant was a general utility man in defendant's establishment, located at Rodessa, Louisiana. He describes his work as, "I was a garage mechanic, and you might say just a general flunkey, whatever you call it. I was battery man, took care of the door, first one thing and another,—worked on automobiles". While engaged in moving an automobile on October 23, 1936, in the course of his employment, a supporting jack slipped and the front end of the machine fell on his right ankle. He was immediately taken to a local doctor

who treated and bandaged his foot and sent him home. About a week later he became a patient at the Tri-State Hospital in Shreveport, having been sent there by defendant. The injured member was X-rayed and placed in a cast and it remained so enclosed and supported for a number of weeks. Crutches and a cane were used after the removal of the cast. He returned to his accustomed work on February 8, 1937, and followed it almost continuously until the date of trial of this case which took place on November 26, 1937. A stipulation bearing date of October 1, 1937, and relating to the work performed subsequent to the accident, was offered and filed in evidence and is in the record. This recites:

"It is agreed between counsel for defendant and counsel for plaintiff that plaintiff performed the same kind of work that he was performing when injured for the following concerns in Rodessa, for the wages set forth hereinbelow and for the times set forth hereinbelow:

"For Edwards Motor Co. from February 8th, 1937 to April 20, 1937, at a weekly wage of $22.50;

"For Frazier Motor Co. from June 7, 1937 to August 13, 1937 at a weekly wage of $22.50;

"For Edwards Motor Co. from August 13, 1937 to this date at a weekly wage of $25.00 plus 40% overtime commission, gross."

Also, it is shown by plaintiff's testimony that after leaving the Edwards Chevrolet Company on April 20, 1937, he worked a week at the Vivian Motor Company, Vivian, Louisiana, at a weekly wage of $22.50. He left the last named place on May 1, 1937, and obtained employment with a Mr. Jim Edwards on a commission basis. Between October 1, 1937, the date of the aforementioned stipulation, and the time of trial, plaintiff continued his work with the Edwards Chevrolet Company.

Compensation was paid to plaintiff for approximately sixteen weeks and it is undisputed that the amount thereof satisfactorily covered that period which endured from the time of the accident until February 8, 1937, the date on which the stipulation discloses that he returned to work.

It is plaintiff's testimony that his ankle has been rendered stiff by reason of the accident, thus causing a limitation of motion, and that pain attends the moving of his foot in any direction. Other lay witnesses attest that since the sustaining of the injury claimant always walked with a limp.

The medical proof found in the record is slightly conflicting. This condition is not unusual in cases of the type under consideration. The evidence furnished by plaintiff's experts is to the effect that fractures of bones and the impairment of ligaments and tissues in the ankle were caused by the accident, resulting in a stiffness in the joint which occasions pain when use is made of the foot. The findings of defendant's experts are that there was injury to the outer border of the astragalus just above the tip of the fibula; that the ankle joint in question is now free, with respect to motion, on manipulation; that no disability exists; and that there is nothing to justify the pain of which plaintiff complains. However, it was agreed by all of the physicians testifying that the injured bones had completely healed with good position and alignment.

It is obvious that plaintiff cannot recover compensation as for total disability to do work of any reasonable character, for the evidence is conclusive that for a period of more than nine months subsequent to the accident he followed, almost continuously, the line of work for which he was trained and that he was performing when injured. Nor do we think that he is entitled even to compensation as for partial disability. Section 8, subsection 1 (c) of the Louisiana Employers' Liability Act, Act No. 20 of 1914, as amended by Act No. 242 of 1928, provides that: "For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks;" and claimant, according to the provisions of the above quoted stipulation and his own testimony, was able to and did earn higher wages after the accident than prior thereto. Under the jurisprudence of this state recovery is denied him even though he suffered some pain and discomfort in carrying on his said work. Chancellor v. Continental Lumber & Tie Co., 6 La.App. 370; Barnes v. American Can Co., 7 La.App. 597; French v. Weaver Bros. et al., 18 La.App. 174, 137 So. 758.

We find no error in the judgment of the trial court, and it is affirmed.