The lower Court in a written opinion sets out succinctly the issues in this case and has determined them against plaintiff. From a judgment rejecting her demands, she is prosecuting this appeal. The opinion is as follows:
"This is a compensation case wherein a claim is made for the death of the husband by the wife. There is only one question involved in this case and that is the right of the wife to recover. There is no question as to the pay or the employment of the deceased by defendant, and there is no question as to the plaintiff being the wife of defendant. The sole defense here is that plaintiff and deceased were separated and not living together and that plaintiff did not receive any support from the deceased.
"The law presumes the wife to be dependent where the husband and wife are living together. In the present case, the Court feels that the testimony shows beyond any question that the husband and wife were not living together, but have been separated for a number of years and that the husband was living with another woman, maintaining a home in West Monroe, Louisiana, at the time of his death and for sometime prior thereto, while the wife resided with her mother and worked on a plantation near Newellton, Louisiana, in Tensas Parish. The testimony of the wife herself shows that the husband has contributed only Two or Three Hundred Dollars to her in the last three or four years. The wife claimed that the husband visited her on various occasions at her home and gave her this money on said visits, or that he sent her money in the form of a post office money order. She also claimed to have come to West Monroe and stayed with him at a house entirely different from where the other witnesses testified that he lived with another woman. The wife's testimony has not been corroborated as to the post office money orders by any testimony by the Postmaster at Newellton, where a record of such payments would be kept or by any other witness other than her mother with whom she lives. On the contrary, her testimony is positively contradicted by the testimony of other witnesses and the time sheet showing the hours and days on which the deceased worked, which testimony is in the record, being offered by the General Manager of defendant Company, shows that on every occasion which she claims that the husband was in Newellton, according to these records, her husband was at work for the defendant Company; these records having been made at the times in question and long prior to this suit.
"The Court, therefore, finds that there is no question that the husband and wife were legally separated and that he was not contributing to her support, but that she was making her own living as a tenant farmer on a plantation in Tensas Parish. Under the law, even though she be a legal wife, she would not be entitled to recover any compensation for the death of her husband. For that reason the demands of the plaintiff are rejected at her costs."
This case involves only a question of fact, which the lower Court resolved against plaintiff. To reach such a decision, the credibility of the witnesses must have been taken into account and we were informed in the argument of this case by the attorney for appellee that the lower Court stated from the Bench that the array of witnesses offered by plaintiff were perjurers and should be turned over to the Grand Jury for indictment. Counsel for appellant in reply did not deny this charge, but stated that he thought the Judge of the lower Court said he did think that plaintiff and her mother were truthful, although he did not believe the other witnesses. The opinion of the lower Court shows conclusively that he did not believe plaintiff or her mother and points out wherein they testified falsely. The opinion also shows clearly that the testimony of the other witnesses offered by plaintiff was given no credence at all by the lower Court, for it fails to even refer to their testimony. Either plaintiff and her witnesses were falsifying or defendant's records were false and its witnesses were not telling the truth. *Page 847 
The lower Court, which was in a better position than we are to pass upon this question, accepted defendant's records and its witnesses as being true and we are not justified in reversing its judgment unless that conclusion is based upon error as disclosed by the record. There is nothing in the record to disclose that such was the case. Although we did not see and hear the witnesses testify, a mere reading of the testimony causes us to see readily why the lower Court did not believe plaintiff's witnesses. In many instances, unnecessary to point out here, their testimony had all the ear-marks of perjured testimony.
We find no error in the judgment of the lower Court and it is affirmed.