Plaintiff instituted this suit seeking to recover compensation from defendants, his employer and its insurer, under the Workmen's Compensation Law of Louisiana, Act No. 20 of 1914, as amended, for total and permanent disability. He alleged and prayed that his wages at the time of the alleged accident were in excess of $100 per week and prayed for judgment in the amount of $20 per week from the date of the accident, August 2, 1942, and for a period not to exceed 400 weeks, less the compensation heretofore paid by defendants.
It is admitted by defendants that if plaintiff's injuries and his present physical condition were caused by an accident while in the employ of Crow Drilling Company, one of defendants herein, he is entitled to the compensation claimed by him. However, they deny that plaintiff's disability was caused by the alleged accident and contend it was caused by infection from the teeth or some other systemic disease with which plaintiff was suffering.
The lower Court rendered judgment for plaintiff as prayed for and defendants are now prosecuting this appeal.
Plaintiff's claim is based on an alleged back injury. He was employed by defendant, Crow Drilling Company, as a driller on a wild cat oil well located near Shongaloo, Webster Parish, Louisiana. While performing his duties as driller on August *Page 192 
2, 1942, the brake lever kicked back and struck plaintiff in the face with such force that it knocked him down and rendered him unconscious for approximately ten hours. The force of the blow broke and crushed the bones in the face and the fall to the floor off the steel derrick split open the back of his head. Plaintiff contends that in the fall caused by the blow, he injured his back.
Plaintiff was carried immediately to a hospital in Shreveport, Louisiana, and placed under the care of Dr. Oxford, who performed a most successful operation on his face. Any disability to perform the duties of a driller on account of the face injury disappeared within a short time and plaintiff went back to work as a driller for his same employer on the last day of August, 1942, which was twenty-nine days after the accident. He continued to work until the latter part of October, 1942, when the pain in his back became so severe he was forced to cease his work. The injury to the face and head has never caused any disability to perform his regular duties as a driller since that time, however, plaintiff has been disabled to perform his duties without suffering severe pain from the very day he went back to work until the time of trial below, at which time he was totally incapacitated to perform the duties of a driller because of the condition existing in his back.
The sole and only question to be determined is whether or not the accident of August 2, 1942 was the cause of the disabled back. At the time of the accident, plaintiff was thirty-five years of age, weighed approximately 214 pounds and was recognized as a fast and active worker. He had never suffered with pain in his back prior to the date of the accident. The record convinces us that the day after the accident plaintiff complained of pain in his back and told Dr. Oxford of this pain. The record also makes it clear to our minds that he has continuously suffered with his back since the accident. Plaintiff has made several efforts to work since the accident and each time the pain became so severe that he was forced to quit. Several of his fellow employees testified that plaintiff was noticeably in pain while attempting to work. In October, 1942 after plaintiff was forced to cease work due to the excessive pain in his back, he was sent by defendants to Drs. Hilton and Harmon and was under their treatment for approximately one year, a part of which time was spent in the hospital and a part during which he could get around on crutches. During this entire period of time defendants paid plaintiff compensation, 70 weeks in all, and incurred medical and hospital bills for the treatment of his back in excess of $250. Defendants do not contend here that these payments were made through mistake or that it was charity; they had before them during the time of these payments the same facts they had when they ceased compensation payments, and there were no payments due plaintiff for any injury other than to his back for the greater part of those 70 weeks.
In the latter part of November, 1943, plaintiff went back to work for defendant, Crow Drilling Company, and during the next months compensation payments were stopped. He continued to work on this job until January 18, 1944, when the pain in his back became so severe he was forced to give it up. His demands for further compensation were refused, necessitating the filing of this suit.
The record discloses that plaintiff is infected with syphilis and pyorrhea and the doctors for defendants are of the opinion the back trouble with which he is suffering is due entirely to that infection. Plaintiff's doctors are of the opinion that the injury received in the accident is the cause. All of the medical men appear to be fair in their testimony and all admit that either trauma or infection could cause plaintiff's condition. It is certain that the systemic diseases in plaintiff's body did not give him any trouble prior to the accident and if not immediately after the accident, certainly soon thereafter they became progressive and the progress was unusually fast.
It has been recognized by the courts of this State many times that a dormant disease or condition can be aggravated and activated by trauma, and especially is that true in the region of the back. We are convinced that plaintiff's present condition was caused by the accident of August 2, 1942; and that the accident was either the sole cause or it set in motion the infections in plaintiff's body which were dormant until that time.
We find no error in the judgment of the lower Court and it is affirmed, with costs. *Page 313