This is a suit under the compensation law. Act No. 20 of 1914. Henry Delbanco Hecht, a carpenter, claiming to be totally disabled, brought this suit against his employer, the Higgins Industries, Inc., and its insurance carrier, the Maryland Casualty Company for $20 per week for a period of 400 weeks plus medical expenses and less certain payments admittedly received by him.
The defendant answered admitting that plaintiff was injured and that certain payments had been made to him, but denied all further liability.
There was judgment in plaintiff's favor for $20 a week for 400 weeks, beginning November 10, 1943, subject to a credit of 73 weeks or through April 18, 1945, with legal interest on each installment due thereafter until paid. Defendants have appealed.
The plaintiff, while employed as a ship carpenter by Higgins Industries, Inc., suffered an injury to his knee which, according to the testimony of the medical experts, is permanently incapacitating insofar as the plaintiff's ability to resume his former occupation as a carpenter is concerned.
Defendants' counsel, in their brief, concede his disability as a carpenter, but they say plaintiff is disabled to "pursue only one of his former occupations" and that he is able to work as a street car conductor or in a clerical position, in which work he was from time to time occupied prior to his employment at Higgins, and that, therefore, within the meaning of the compensation law he is not permanently disabled. They now contend that he should be compensated for the partial loss of the use of his leg under Section 8, subd. 1 (d), 8, 14, and 15, Act No. 242 of 1928, pp. 357, 358, *Page 352 
which would entitle him to a judgment for 25% of 65% of his wages for 175 weeks less a credit of the amount already paid. Counsel point to the fact that carpentry was only one of the plaintiff's occupations and not his principal one and that his knee injury does not and will not prevent his resuming some of the other work that he had been doing prior to his employment by the Higgins Company. They cite a number of authorities, principally Myers v. Louisiana Ry. Nav. Co., 1917,140 La. 937, 74 So. 256, 260, where it was said: "In the case of Mellen Lumber Company v. Industrial Commission of Wisconsin,154 Wis. 114, 142 N.W. 187, L.R.A.1916A, 374, Ann.Cas. 1915B 997, the expression 'total disability' was interpreted to mean total inability to perform work of the character in which the injured employé was engaged at the time of the accident, regardless of his earning capacity in other occupations. Such an interpretation is not possible under our statute, since its wording is 'total disability to do work of any character'. We have to hold, therefore, that the disability of a workman who has lost the use of one of his legs from the hip joint down is not necessarily total, since within the meaning of our said statute many lines of work are open to a man in that condition."
[1] This Court was, at one time, of the same opinion, and so expressed itself in the case of Butzman v. Delta Shipbuilding Company, La. App., 21 So.2d 80, 81. In that case Butzman was injured while working as a shipfitter. He had only been employed in that capacity for a very few days when he was, injured. There we said:
"* * * were it not for the holding in Stieffel v. Valentine Sugars Company, supra, [188 La. 1091, 179 So. 6] we would be inclined to say that Butzman was not permanently and totally disabled within the meaning of the compensation law, but we read in the Stieffel case on page 1115 of 188 La., at page 14 of 179 So., an interpretation of the Yardbrough v. Great American Indemnity case (supra) [La. App., 159 So. 438] as holding:
" 'When an injured employee is unable to do work of the same description that he was employed to do when injured, his injury, in contemplation of law, is equal to total disability.'
"We do not understand the Yarbrough case as so holding, but we are mistaken because our Supreme Court has held otherwise and to the effect that when a workman is injured so that he is unable to perform the duties of the position he occupied wheninjured, he is totally and permanently disabled." (Italics ours.)
[2] We cannot see how the instant case can be distinguished from the Butzman case and without further discussion of the authorities, we must hold that the plaintiff is entitled to recover as in case of total disability, consequently and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.