This is a compensation case arising from an accident in which plaintiff sustained an injury while loading cross-ties. A tie fell on plaintiff's right hand, crushing the bones of the hand and fingers, as the result of which injury compensation benefits were paid by his employer for a period of 138 weeks. In this suit plaintiff alleges that he *Page 386 
is permanently and totally disabled to do work of any reasonable character, and prays for judgment against the defendants in the sum of $9.75 per week, being 65% of his average weekly wage of $15.
There is no dispute as to the employment, the accident, or the rate of pay, and the action is defended on the ground that plaintiff's disability has ceased, and that he is fully capable of performing work of the same or a similar character to that in which he was engaged at the time of the accident and injury, and, in the alternative, if defendants are held liable to plaintiff for compensation, then that full compensation has been paid plaintiff, and, accordingly, his demands should be rejected.
Plaintiff's claim is based on the provision of paragraph (b) of subsection (1), Section 8 of the Employers' Liability Act, No. 20 of 1914, as amended by Act No. 242 of 1928, fixing the allowance for disability in the case of injury producing permanent total disability to do work of any reasonable character.
After trial, judgment was rendered in favor of plaintiff awarding compensation at the rate of $9.75 per week for 150 weeks, and plaintiff has brought this appeal. The reason for the award was set forth in a written opinion of the district Judge, who reached the conclusion that plaintiff had lost the permanent use of his hand, equivalent to the amputation of the said member, and, accordingly, was entitled to compensation under Paragraph 14, subsection (1) (d) of Section 8 of the Act.
The facts developed on trial showed that at the time of trial there was evidence, based on examination of plaintiff's injured hand, of a displacement of the third, fourth and fifth metacarpals, some atrophy of the muscles of the metacarpal portion of the hand, and a resulting limitation of motion of the third, fourth and fifth fingers. The thumb and index finger showed no limitation of motion, and the opinions of the expert medical witnesses differed to some extent as to the degree of limitation of motion of the other fingers.
It is established beyond question that plaintiff has sustained some limitation of the use of the function of his right hand as the result of his injury, and the only point left for determination is whether this limitation is of such extent and degree as will prevent plaintiff from doing work of the same or a similar nature to that which he was performing at the time of the injury.
Plaintiff is a negro man, 42 years of age, with a third grade education, who had been engaged in farm work until about the year 1922, at which time he became a saw-hand, thereafter working in and about sawmills, and particularly engaging himself in the occupation of loading cross-ties. In other words, plaintiff is fitted by training, experience and ability only for manual labor. If, as he contends, the injury he received disables him from performing manual labor, then, of course, he is entitled to an award based upon total permanent disability. But if, on the other hand, it has been satisfactorily established that plaintiff has not been disabled by reason of his injury from continuing as a common laborer, then it follows his demand should be rejected.
It is strenuously urged on behalf of plaintiff that the jurisprudence of this State has definitely established the principle that the loss of a member of the body resulting in disability is equivalent to total permanent disability. It must be recognized that acceptance of this contention, in effect, would write out of the workman's compensation statute the specific losses comprehended in paragraph (d), subsection (1) of Section 8 of the Act, as amended. In support of this claim, counsel has cited a number of cases, notably, Ranatza v. Higgins Industries, 208 La. 198, 23 So.2d 45; Custer v. New Orleans Paper Box Factory, La. App., 170 So. 388; and Henry v. Higgins Industries, La. App., 24 So.2d 402.
The opinion in the Ranatza case particularly cited Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9, and Stieffel v. Valentine Sugars, 188 La. 1091, 179 So. 6.
[1] The effect of the Stieffel, Knispel and Ranatza cases was to definitely fix the proposition that an employee, trained and experienced in a special trade, suffering an injury causing total disability to continue the only trade or work for which such employee *Page 387 
is suited by training and experience, and causing total disability to do any other work of a similar character, must be considered to have sustained total disability to do work of any reasonable character within the meaning of paragraph (b) of subsection (1), Section 8 of the Act. The effect of the Custer and Henry cases should not be regarded as necessarily extending the principle above stated to include all employees engaged in common labor, in view of the fact that both of these cases appear to have turned upon facts which clearly evidenced the disability of the injured employees concerned to continue to engage in the performance of the same or a similar character of work to which they had been accustomed.
[2] In our opinion the facts of each case must govern the classification in which each should fall, and so determine the applicable principles as established by the jurisprudence of our State. It is therefore the disability vel non which must be weighed and fixed on the basis of facts established upon trial.
[3] In the instant case, there is abundant proof as to the ability of the plaintiff to continue to work as a common laborer. There is even some persuasive testimony to the effect that plaintiff could continue to perform the work of loading cross-ties, in which labor he was engaged at the time of the injury, and, while we do not accept this as having been completely established, we do find from the facts adduced that plaintiff is not disabled from performing work of a nature and character similar to that in which he was engaged prior to his injury.
It is required that the plaintiff establish his claim by a preponderance of the evidence, which obligation this plaintiff has failed to fulfill. On the contrary, we find that the evidence definitely preponderates in favor of the conclusion that plaintiff has not been disabled to the extent of permanent disability to perform work of a similar character to that in which he was engaged.
[4] In our opinion, plaintiff's injury was of a nature which brought him squarely within the provisions of subdivision (16) of paragraph (d) of subsection (1), Section 8 of the Employers' Liability Act, No. 20 of 1914, as amended, the pertinent portion of which reads as follows: "In cases not falling within any of the provisions already made * * * where the usefulness of a physical function is seriously permanently impaired, the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."
From the facts established on trial, we have had no difficulty in arriving at the conclusion that plaintiff has suffered a permanent impairment of the usefulness of the physical function of his right hand, which, however, has not resulted in permanent total disability to do work of any reasonable character. Accordingly, plaintiff's right to recovery is governed by the plain wording of the provision above quoted under which he should recover compensation at the rate of sixty-five per centum of his wages for not more than 100 weeks. This, in our opinion, would be the correct judgment in the instant case.
[5] Inasmuch as defendants have paid compensation for a period of 138 weeks, and have not prayed for the return of any part, there is no basis for judgment for less than has been voluntarily paid.
Accordingly, the judgment appealed from is amended by reducing the period from 150 weeks to 138 weeks, and, as so amended, is affirmed, at appellant's cost.
McINNIS, J., recused. *Page 388