Defendant-appellants, in their applications for rehearing, urge as error the fact that we applied the test established by cases of Hecht v. Higgins Industries, Inc., La. App.,25 So.2d 351; Butzman v. Delta Ship-building Co., La. App., 21 So.2d 80; Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6; Stovall v. American Employers' Ins. Co., La. App.,26 So.2d 321, instead of following our own jurisprudence as reflected by our decision in the case of Washington v. Holmes Barnes, La. App., 4 So.2d 51, which decision was followed in the same case reported in La. App., 5 So.2d 195, and also in the cases of Barentine v. W. R. Aldrich Co., La. App., 20 So.2d 635; Williams v. American Mutual Liability Ins. Co., La. App.,21 So.2d 521, and Vilce v. Travelers Ins. Co., La. App.,24 So.2d 485. They contend that the factual situation in the instant case is practically the same as was in the Washington case and the cases which followed. They contend that we did not make any attempt to distinguish the present case from these cases, regardless of the fact that they were cited in the original brief, and that we either overlooked them or intended to overrule our jurisprudence as established by these cases.
In answer to defendant-appellants' contention we say that each case must be decided upon its own facts. No two cases are factually alike. Rules and tests are established by the cases to guide the courts in interpreting the Compensation Act. We did not overlook the Washington case and the other cases which followed the Washington case, nor was it our intention to overrule this case nor the jurisprudence formulated by that decision. We felt then, as we feel now, that said jurisprudence was not applicable to the case at bar in that in all of these cases there was medical testimony definitely fixing a percentage of disability.
We have carefully reread the record in this case, particularly the medical testimony offered by both the plaintiff and the defendants. We fail to find any semblance of testimony relating to any degree of partial disability of the plaintiff to do general manual labor. To the contrary, we find, as stated in our original opinion, that the medical testimony preponderates in our holding that, due to plaintiff's condition, he is unable to do general manual labor, therefore our original holding that plaintiff is totally and permanently disabled is adhered to.
Furthermore, in the instant case we stated in the opinion [31 So.2d 527, 531]: "The evidence satisfies us that he has lost the use of his right arm in the lifting of heavy objects or the reaching for objects above his head, unless the joint between the collar bone and the sternum is surgically and completely repaired, which, according to the preponderance of medical testimony is doubtful." We note that this conclusion of ours is not challenged by defendant-appellants.
Application of defendant-appellants is therefore refused.
In plaintiff-appellee's application for rehearing, he contends that we erred in not casting the defendant-appellants for all costs and in not allowing him five per cent. as damages for frivolous appeal.
In answer, we say that the original judgment, which was amended and affirmed, cast the defendants for all costs and we disposed of his demand for damages.
His application for rehearing is refused. Both applications refused. *Page 109