McINNIS, Judge ad hoc.
This is a demand for compensation at the rate of $26 per week for 15 weeks, beginning July 5, 1950 and $150 for hospital and medical services. It is alleged that while engaged in cutting timber for defendant, in the course and scope of his employment, on or about July 2, 1950, the teeth of a cross-cut saw cut and severed the skin, tissue and muscles of plaintiff’s left arm near the tip of his elbow, about an inch long, and on or about July 5, 1950, he struck the injured area on the steering wheel of a car; that, as a result of these injuries, the muscles, tissues, nerves and ligaments about his elbow were bruised, inflamed, swollen and seriously impaired for 10 weeks, from July 5, 1950, and he was unable to do any work of a reasonable kind for 15 weeks after July 5, 1950; that soon after he was injured, defendant knew of the cause, nature and extent of his injuries, and provided him with slight medical services, and he secured medical services for himself at the Huey P. Long Charity Hospital in Pineville, where he remained and was treated for his injuries for 9 weeks; and that the services he received there had a value of $150, which he claims of defendant.
The answer is a general denial, and the special defense that plaintiff was an independent contractor, paid by the unit for sawing logs into cross-tie lengths, and at no time hired for wages; that if plaintiff received any injury it was the result of being struck by a knob on the steering wheel of his own car, on or about July 1, 1950, while driving for his own pleasure, while not working; that he never asked defendant for any medical service and when admitted to the hospital reported no injury while working; that, if he was ever injured, he had a rapid recovery and returned to work on July 17, 1950, and that he never voluntarily quit working.
In the course of the trial, after some testimony had been given, tending to show that any injury by a cut with sawteeth occurred more than a year before suit was filed, defendant filed a plea of prescription, which was considered with the merits and overruled, and judgment was rendered on the merits, rejecting the demands of the plaintiff. From this judgment this appeal is prosecuted. The plea of prescription was properly overruled.
Only factual issues are involved, and we are not to disturb the finding's of fact by the District Court, unless manifestly erroneous. We find no manifest error in the findings of fact, and agree that the evidence tendered by plaintiff, as a whole, is too unsatisfactory to form the basis of any award in his favor.
The evidence discloses that plaintiff, his son and his nephew were employed by defendant to cut down and saw trees into lengths for making cross-ties, and were paid 20 and 22 cents for each cross-tie length. They generally worked five days a week — never any more — and on Saturdays plaintiff was given a check for the amount due all three of them, which he divided equally with his son and nephew. Checks paid the three men for three months, April 21st to July 22nd, 1950, totaled $480.44, making an average wage for each of them of little more than $50 per month. Plaintiff says he made $6 to $7 per day, but this is not borne out by the *212 evidence. Apparently he averaged about $14 a week. He was paid no definite wage. After plaintiff’s injury, by being struck by the steering wheel of the car, he went on July 6, 1950 and again on July 7, 1950 to Dr. Donaldson, at Colfax. The doctor suggested a possible fracture and suggested he go to a hospital for examination and treatment. When plaintiff told the doctor he had no money he was given a note to the Huey P. Long Charity Hospital, and on July 8, 1950, he was admitted to the hospital and examined and treated. No fracture was found, but his arm was operated on for bursitis. He remained in the hospital nine days and was discharged to return for observation, which he did on August 7, 1950.
The hospital record filed in evidence shows, with one exception, that it was the right arm of plaintiff that was injured, instead of the left arm. Plaintiff’s brother, answering leading questions, said it was the right arm that was injured. The brother also said he was working with plaintiff, but plaintiff himself says he worked only with his son and his nephew. The son and nephew were in the army at the time of the trial and did not testify.
Plaintiff’s testimony has been read and reread, and nowhere did he say which arm was injured.
Apparently no notice of any injury was given to defendant by plaintiff, until after his return from the hospital, at which time he says defendant told him he would settle with him, after final release from the hospital.
According to the testimony of defendant, the first knowledge that he had that plaintiff was in the hospital was given by plaintiff’s son on Monday, July 10, 1950, and it is not shown that defendant knew at that time that plaintiff was claiming he was injured on the job.
 We are in accord with the cases cited by plaintiff: Clifton v. Glassell-Taylor Company, La.App., 19 So.2d 590, and Hines v. Louisville Cooperage Company, La.App., 19 So.2d 911, to the effect that where disability is proven, claimant need not prove the specific injury or organs involved to be entitled to workmen’s compensation; however, in this case the District Judge, who saw the witnesses and heard their testimony, was unable to find that plaintiff sustained the injury while working for defendant, and we are in accord with this finding.
For these reasons, the judgment appealed from is affirmed at the cost of plaintiff-appellant, in both courts.
KENNON, J., not participating.