GLADNEY, Judge.
Albert J. Parks in this suit seeks recovery of workmen’s compensation allegedly arising from an employment injury of June 27, 1960. Following trial judgment was rendered in favor of defendant, Southern Utilities Company of Shreveport, Inc., rejecting the demands of plaintiff. From the decree plaintiff has appealed.
The claimant, an operator of heavy-duty tractors and motor equipment, while so employed by Southern Utilities Company of Shreveport, Inc., fell from the tractor which he was engaged in operating and sustained a laceration on the right forehead, which was sutured by Dr. Albert Bicknell. Following this initial treatment, he was certified by the doctor as able to *68 continue his employment as a heavy equipment operator and so without undue loss of time until July 6, 1960, when he voluntarily quit in order to perform the same work for Volentine Construction Company. He worked regularly for this employer until a date in May, 1961, when he again voluntarily left his employment. At this time plaintiff unsuccessfully sought employment with the Petty Construction Company operating equipment on a job which would average seventy hours per week. During the summer of 1961 he drove a dump truck. When his case was tried on December IS, 1961, plaintiff had previously on November 1, 1961, secured employment in his line of work with the Wicker Construction Company.
Although plaintiff originally sought workmen’s compensation for total and permanent disability not to exceed four hundred weeks, in brief and argument before this court appellant claims entitlement only to compensation for the period of May 19, 1961 to November 1, 1961. This modification in appellant’s demand is predicated on his gainful employment from June 27, 1960 to May 19, 1961, and similar employment subsequent to November 1, 1961. Despite the work record of the employee above set forth, counsel for the employee argues this court should be impressed by the attitude and good faith of the plaintiff, asserting that Parks is a family man, a good father, a devoted husband and a hard worker. He was at the time of the trial forty-five years of age, the father of five children, the owner of a home, and throughout his life has been a hard worker with no record of employment claims. Counsel earnestly argues that a man of this type would not abandon a job paying $3.75 per hour in order to obtain $35.00 per week in workmen’s compensation, and further points to evidence in the record that there was a heavy demand for machine operators in the Shreveport area during th,e spring and summer of 1961.
Our review of the medical evidence discloses that plaintiff was examined by four doctors, Albert Bicknell, Ray E. King, J. H. Eddy and Philip Bonn. Dr. Bicknell, a physician and surgeon, initially administered treatment to Parks on June 27, 1960. He declared the employee was immediately able to continue work. The wound was dressed on several occasions and healed normally. X-rays revealed no fractures or other indications of injury. Following several visits to the doctor, the patient began to complain of soreness in his neck and of headaches, and he continued to make periodic visits to the doctor during the summer and fall. The persistency of his complaints, which continued on into 1961, caused Dr. Bicknell to call into consultation Dr. Philip Bonn, and after the latter’s examination on April 24, 1961, it was recommended that a myelogram be performed. For this purpose Parks entered the hospital on May 26th and was released on May 28th. The tests gave no evidence of abnormality. Dr. Ray E. King, orthopedist, at the instance of plaintiff, made a thorough examination on July 19, 1960 and found no evidence of disability. Dr. King subsequently examined Parks on October 25, 1961 with negative findings. Dr. Philip Bonn, following his examinations of April 24, 1961, June 2, 1961, July 2nd and 25th, 1961, was of the opinion that the pain of which the patient complained was due to a cervical sprain and mild bilateral sub occipital neuralgia. He reported that his examination revealed minimal muscle spasm. Muscle spasm was also noted by Dr. Bicknell. Dr. King on his examination of October 1960 and July 19, 1961 and October 25, 1961, found no evidence of muscle spasm. Dr. James Eddy examined appellant on September 22, 1961, and he found no physical evidence of injury or disability.
Plaintiff presented lay testimony which tended to show that subsequent to May of 1961 during a period of unemployment, plaintiff was forced to sell some of his property, spend his savings, and borrow money, all of which it is argued, was occasioned by plaintiff’s disability.
*69 It is our appreciation of the evidence so adduced that plaintiff did not sustain disability of a serious nature and although for more than a year he complained of soreness in his neck and of headaches, he nonetheless continued to regularly and constantly perform in a satisfactory manner all of the duties of his job without any complaint to his employers of pain or physical handicap. We find that the weight of the medical opinion preponderates to the effect that plaintiff was able to perform the duties of his employment without substantial pain or disability.
We recognize that our jurisprudence has uniformly interpreted the Workmen’s Compensation Statute by holding that the law does not expect nor contemplate that a worker in order to make a living must work in pain, and the employee is not required to continue his employment while suffering from pain of a substantial nature in order to meet the requirements for recovery of workmen’s compensation. Reeve v. Clement-Braswell Machine & Fabricating Works, et al., La. App., 66 So.2d 387 (2d Cir. 1953); Brannon v. Zurich General Accident & Life Insurance Company, et al., 224 La. 161, 69 So.2d 1, 3 (1953); Nubles v. Texas Gas Transmission Corporation, et al., La.App., 72 So.2d 565 (2d Cir. 1954); Parker v. Armour & Company, Ltd., La.App., 86 So.2d 573 (1956); Williams v. Southern Advance Bag & Paper Company, Inc., et al., 87 So.2d 165 (2d Cir. 1956); and Parish v. Fidelity & Casualty Company of New York, La.App., 124 So.2d 234 (2d Cir. 1960). The law, however, does not relieve plaintiff from establishing the validity of his claim, and as stated in Montgomery v. Walter Kellogg Lumber Company, Inc., et al., La.App., 120 So.2d 353 (2d Cir. 1960) :
“ * * * The rule is well established, notwithstanding the liberality enjoined as to procedure and evidence in compensation cases, that a claimant, in order to recover, must establish, with reasonable certainty, by a preponderance of evidence, he is disabled and that such disability results from accidental injuries. Green v. Heard Motor Co., Inc., 224 La. 1077, 1078, 71 So.2d 849; Edwards v. Shreveport Creosoting Co., Inc., 207 La. 699, 21 So.2d 878; Cotton v. Hartford Accident & Indemnity Co., La.App., 116 So.2d 736; Scott v. Roy O. Martin Lumber Co., Inc., La.App., 116 So.2d 726; Henderson v. New Amsterdam Casualty Co., La.App., 80 So.2d 438; Smith v. International Paper Co., La. App., 73 So.2d 652.”
Plaintiff’s position must be supported by a preponderance of the evidence as to his inability to perform and discharge the duties of his former occupation or work of a similar character unless due to special circumstances he is compelled to continue work despite his disabling condition. In the instant case plaintiff immediately resumed his work following the accident of June 27, 1960, and performed such work for almost a year without interruption and without complaint of pain or disability to his employers. The fact of employment under such circumstances and of such duration clearly outweighs the evidence of disability predicated on complaints of neck pain and headaches, which were appraised by some of the medical examiners as minimal. We conclude that plaintiff has failed to carry the burden of proof imposed upon him to establish disability. Leon v. Great American Indemnity Company, et al., La.App., 146 So. 351 (2d Cir. 1933) ; Williams v. Gulf Refining Company of Louisiana, La.App., 160 So. 831, (2d Cir. 1935); Colbey v. Edwards Chevrolet Company, et al., La.App., 186 So. 884 (2d Cir. 1938). In the last cited case, the court said:
“It is obvious that plaintiff cannot recover compensation as for total disability to do work of any reasonable character, for the evidence is conclusive that for a period of more than *70 nine months subsequent to the accident he followed, almost continuously, the line of work for which he was trained and that he was performing when injured.
* * * * * *
“Under the jurisprudence of this state recovery is denied him even though he suffered some pain and discomfort in carrying on his said work.”
After our review of the record we are convinced that even though plaintiff may have endured some pain of a constant and persistent nature, it was not sufficiently real or disturbing enough to interfere with his occupation, nor did it concern the employee sufficiently to complain to his employers. Manifestly, plaintiff was neither totally nor partially disabled for almost a year following his injury on June 27, 1960. We are strengthened in our decision by a similar ruling of the trial court, which appears manifestly correct.
The judgment is affirmed at appellant’s cost.