ELLIS, Judge.
Bennie Veals, Jr., has appealed devolu-tively from an adverse decision of the Nineteenth Judicial District Court which denied him workmen’s compensation benefits, penalties and attorneys fees. Plaintiff claims to have been permanently disabled as the result of an accident which occurred July 15, 1963, while in the defendant’s employ. The accident is alleged to have occurred on an inclined cement ramp at the Motor Vehicle Division of the Louisiana Department of Revenue office on North Foster Drive. Plaintiff, while pulling a dolly loaded with six full cases of coke up the incline, slipped and fell flat on his back, suffering a lumbosacral strain.
The fall was witnessed by Bennett Whitfield, a porter at the Department of Revenue *825 ■building. A number of other witnesses saw plaintiff on his back on the ramp immediately after the fall, but did not see the actual fall. From the scene of the accident plaintiff was taken by ambulance to Baton Rouge General Hospital and there treated and released by Dr. W. S. Slaughter, defendant’s company doctor.
Nevertheless, the lower court reached the factual conclusion that there had been no accident. In reaching that conclusion, the lower court was not of the opinion that the evidence was insufficient to establish the occurrence of the fall, but rather that there are several other aspects of the case which cast doubt on the plaintiff’s representation that the fall was accidental rather than intentional. Considering those circumstances, the trial court refused to accept the proposition that the accident and resultant injury, if any, were not intentionally caused by the plaintiff for the purpose of collecting compensation.
The first of these circumstances concerns the rapid appearance of plaintiff’s father at the scene of the accident in response to a telephone call from Whitfield made at plaintiff’s request. It is undisputed that he arrived before the ambulance though he lives over seven miles away. However, as it is impossible to reconcile the time estimates of the various witnesses, this circumstance can be accorded only minimal importance.
The second circumstance casting suspicion on the case was the fact that the father, after learning to which hospital the plaintiff was to be taken and by whom he would be treated, replied “I see” and then apparently went home until called by plaintiff from the hospital to come for him. These circumstances, while mildly suspicious, can likewise be accorded only minimal importance.
After leaving the hospital, plaintiff was immediately driven by his father to the latter’s doctor, Dr. R. J. Spedale, who has treated plaintiff for the injury since its occurrence.
The third circumstance pointed out by the trial judge as casting suspicion in this case is the medical history given to Dr. Spedale on that visit of July IS, 1963. Dr. Spedale testified that plaintiff related a history of having fallen two weeks earlier on the Department of Revenue ramp.
Dr. Slaughter or Dr. Spedale found not the slightest evidence of injury but, based on plaintiff’s representations of pain, treated him accordingly. Dr. Spedale found muscle spasm and thought plaintiff had lum-bosacral strain or sprain. Later, he thought if plaintiff’s complaint of continued pain in back was genuine that possibly he had a disc injury.
Plaintiff complained of spitting up blood at the scene of the accident and this was corroborated by the witness, Whitfield. However, Dr. Slaughter did not find any evidence of this condition or find any injury which would have accounted for it.
We might add that plaintiff did not return to see Dr. Slaughter on the 17th as instructed, but secured legal counsel the day following the accident, before any demand for compensation had been made or refused and certainly long before the extent of the injury became apparent.
Albert Payne, a co-employee, testified that he heard Bennie Veals, Jr., two days before the accident occurred say to two other co-employees that he was going to “be pulling up a stairs and fall and claim that he had hurt hisself and he was going to sue Coca-Cola.” The other two employees denied the incident.
The issue confronting the lower court and this court is whether or not there occurred a compensable accident within the meaning of LSA-R.S. 23:1021 which defines that term as:
“ * * * an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.”
*826 In the normal workmen’s compensation case the issue of whether or not the accident was intentionally caused does not arise. Indeed, there is a strong presumption that a person would not intentionally cause injury to his own body in order to be entitled to receive workmen’s compensation benefits which are smaller in amount than he could earn by working.
In the instant case, however, there is considerable evidence that the defendant did intentionally pretend to injure himself. Also in this case is the lack of any objective medical evidence that the plaintiff did, in fact, sustain an injury to his person other than Dr. Spedale who testified he found muscle spasm.
It is axiomatic that the opinion of the trial judge with reference to determinations of fact is entitled to great weight and will be reversed by the appellate court only in a case where the decision is clearly in error.
In the instant case there is sufficient evidence to have enabled the lower court to have decided this case either for or against the plaintiff. The trial judge, being in the best position to determine the credibility, veracity and accuracy of the various witnesses, has made his determination adverse to the plaintiff.
In reviewing that decision, this court cannot point out any testimony or other evidence that would indicate that the lower court is clearly wrong and, therefore, the decision of the lower court must be affirmed.
Had the lower court determined that the plaintiff was entitled to recover, this court would have affirmed that decision, also, for there was evidence in the record sufficient to support that position.
The plaintiff’s suit is dismissed at his cost and the opinion of the lower court is affirmed.
Affirmed.