BLANCHE, Judge.
Plaintiff-appellant, James C. Furrow, d/b/a Scenic Service and Body [Shop], instituted this action for the recovery of $1,548.74, debited to his account with defendant-appellee, Fidelity National Bank of Baton Rouge.
The Hartford Accident and Indemnity Company, also made a party defendant, was dismissed from the suit prior to trial.
The amount sued for is represented by ten checks, all of which were made by Mrs. Daisy Ballard, appellant’s bookkeeper, between the dates of January 21, 1966, and March 17, 1966, and drawn on the account of appellant.
Appellee bank admitted the checks were not signed by appellant, that it paid said checks and charged appellant’s account therefor.
The principal defense is that appellant gave oral authority to the bank to pay the checks which is denied by appellant. The Court resolved this factual issue against appellant and dismissed his suit resulting in this appeal. We affirm.
The trial court considered the sole issue in the case to be:
“* * * whether or not plaintiff’s name was signed on the checks in question on which this suit is based, with the full knowledge and consent of plaintiff, and if defendant bank informed plaintiff that the plaintiff’s name was signed to the checks in question by Mrs. Ballard.” (Reasons for Judgment, Record, p. 31.)
The finding of the trial judge that appellant authorized the bank to pay the checks drawn on his account by Mrs. Ballard is amply supported by the record. Mr. Clyde Joseph Dalier, who at the time this action arose was an Assistant Manager at the Istrouma Branch of appellee bank where appellant transacted his banking business, testified that it came to his attention that Mrs. Ballard had signed appellant’s name to some trade checks, that as a result thereof he called appellant and was informed that Mrs. Ballard was his bookkeeper and that it was all right for him to cash the checks and that he would give her authorization to sign his name to the checking account. Mr. Dalier testified that at various times he made an effort to get appellant to give the bank a written authorization to this effect but was unsuccessful. His first discussion with appellant in an effort to obtain such written authorization was in November of 1965, and later he discussed it with him in January and gave him a signature card. Again in February he asked appellant to return the card but was told that he had lost the card and was then given another card. He testified to other attempts he made to get in touch with appellant but stated that he was never successful.
By the time Mrs. Ballard presented a $500.00 check signed by her on appellant’s account for payment, the witness testified that he was ready to put a stop to carrying on business with appellant in such fashion and refused to cash the check. However, *689 the evidence reflects that Mrs. Ballard, after this refusal, was successful in presenting the check to another teller at the bank who paid said check in accordance with previous instructions which had not been countermanded.
Mr. Juban, Manager of the bank, testified that after he had received a letter of demand from appellant’s attorney in connection with the checks, appellant discussed the matter with him at the bank and admitted that he had authorized Mrs. Ballard to write some checks.
Despite the guarded testimony of the bookkeeper Mrs. Ballard, it is evident from her testimony that appellant knew she was signing his name to some checks.
We believe as did the trial judge that appellant knew Mrs. Ballard was signing his name on checks written against his account and that he authorized the bank to honor such checks and promised to give the bank written authorization to this effect.
The findings of fact of the trial court should not be reversed or set aside on appeal unless said findings are manifestly erroneous.
Appropriate here is a quote from an opinion of this court by Judge Sartain in Satterwhite v. Zurich Insurance Company, La.App., 199 So.2d 429, 435:
“The responsibility to weigh carefully, judge cautiously, and evaluate thoroughly the testimony of witnesses bear heavily on the shoulders of the trial judge and his determination of the credibility of witnesses and the reasonableness and truthfulness of their testimony should not be overturned except upon a showing of clear, positive, and manifest error. Reeve v. Clement-Braswell Machine & Fab. Works, La.App., 66 So.2d 387; Du-pree v. Monroe Sand & Gravel Co., La. App., 1943, 18 So.2d 845; Lunkin v. Triangle Farms, Inc., La.App., 1945, 24 So.2d 213; Eldridge v. Federal Compress & Warehouse Co., La.App., 1945, 24 So.2d 492; Howell v. Clemons Bros. Lumber Co., La.App., 1947, 32 So.2d 60; Williams v. Armour Fertilizer Works, Inc., La.App., 1950, 45 So.2d 640; Skyles v. United Investment Corporation, La. App., 1950, 46 So.2d 662; Chelette v. Russell, 1952, La.App., 59 So.2d 210; Malone, Louisiana Workmen’s Compensation Law and Practice, Section 252, page 301; Davis v. Swift & Co., La. App., 68 So.2d 670; Alexander v. Huff Truck Line, La.App., 76 So.2d 125; Jackson v. Bituminous Casualty Corp., La.App., 153 So.2d 585; Veals v. Baton Rouge Coca-Cola Bottling Co., La.App., 174 So.2d 824; Marcantel v. White Painting Co., La.App., 171 So.2d 748.”
In view of the above holding, we find it unnecessary to consider appellees’ allegations that appellant was contributorily negligent or was estopped or had ratified the payment of the checks.
Appellant has called our attention to legal authorities setting forth the liability of a bank to its depositors for charging its depositor’s account with a forged check. We agree with those authorities but find they are not applicable here inasmuch as the bank had express authority from appellant to honor checks written on his account by Mrs. Ballard.
The case of Pelican Well, Tool & Supply Co. v. Sabine State Bank & Trust Co., 18 La.App. 590, 138 So. 161 (La.App., 2d Cir. 1931), stands for the proposition that a depositor cannot be bound by the issuance of checks and withdrawal of its funds from a bank by one of its employees without express authority either written or unequivocably given by the depositor to the bank. In the case before us the bank was acting as a depositary for the appellant and as such was appellant’s agent to pay out the money which he had placed on deposit in accordance with his express and special authorization. The authority of the agent under these circumstances is, in our view, a question of fact, and we know of no law nor has any been cited to us which *690 requires that such an authorization to an agent be in writing-.
For the above and foregoing reasons, the judgment of the district court is affirmed.
Affirmed.