This is a compensation suit in which plaintiff, a laborer working as a carpenter's helper in the employ of the defendant, alleges total and permanent disability as the result of sustaining a right inguinal hernia in an accident which occurred while in the course and scope of his employment.
After trial on the merits there was judgment in favor of defendant rejecting plaintiff's *Page 206 
demands and dismissing his suit, from which judgment plaintiff prosecutes this appeal.
The sole question in dispute before us in this appeal involves a question of fact only, namely, whether or not plaintiff was involved in any accident from which the alleged injury arose.
Plaintiff was employed by defendant on a construction job in Bossier City, Louisiana, and on the morning of March 5, 1946, was pursuing his employment as helper to a carpenter who was constructing forms for the pouring of concrete beams for the support of the second floor of the building in process of construction. It appears that plaintiff was called from his immediate duties as carpenter's helper by the foreman and directed to assist in raising 4x4 timbers from the ground to the second floor level. The framework of the supporting wall of the building, consisting of a row of vertical 4x4's braced and supported by a horizontal 4x4 across the top, had been raised. Parallel and opposite to this supporting wall at about 18 or 20 feet was a similar supporting wall. The forms being laid across the intervening space were made tip of 4x4's bridging the span between the walls. Ropes were tied to each end of a 4x4 at the ground level and these hand lines were being handled by plaintiff at one end and another helper at the opposite end. By means of these lines each 4x4 was raised to a point where it could be laid on the upright timber and fixed in position by the carpenters at either end.
Plaintiff testified that he was "passing" a 4x4 which was being "shoved" to him from the lower level when "something struck me, and I had to sit down"; that the foreman "hollered" at him; that "I just felt like my whole insides was coming out"; that he descended from the second floor level, passed by the defendant, McMichael, his superintendent, and the timekeeper; that he told each of these individuals that he was hurt; that he called a taxi and went home and to bed.
Further, according to plaintiffs testimony, after staying in bed two days and realizing that he was suffering from an abdominal injury, he went from his room in Shreveport over to Bossier City, first talked to his lawyer and then consulted a doctor. Plaintiff's attorney a day or so later called at the construction job, collected plaintiff's pay and by written communication gave notice of the alleged accident and made demand for compensation.
The record definitely establishes the fact that extreme bad feeling and animosity existed between plaintiff and his foreman; that they had trouble and frequent disputes that led to harsh words, and it is established by a preponderance of the testimony that the foreman, at the time of the alleged accident, was severely reprimanding plaintiff for his failure to properly perform the work to which he had been assigned.
Careful examination of the record and the testimony adduced on trial of this case convinces us beyond any question that as a matter of fact no accident occurred. The discrepancies in plaintiff's own testimony are sufficient to convince us that he is in serious error as to the true facts. Added to this are the striking variations between the testimony of plaintiff and that of his own witnesses which, in instances too numerous and plain to necessitate recapitulation, are absolutely irreconcilable. The testimony of defendant's witnesses, the foreman, the superintendent, and the defendant himself, is clear and unequivocal on the point that plaintiff made no complaint of being hurt or injured, and that he quit his job because, according to his own declaration, he could not work longer under his foreman. By stipulation of counsel it was agreed that this testimony would be corroborated by the timekeeper, who did not appear as a witness.
We have seldom considered a record which in our opinion more clearly establishes plain facts, and these facts completely negative plaintiff's claim of an accident of any nature or character.
It is true, from the uncontradicted testimony of plaintiff's doctor, that examination disclosed that plaintiff had an incomplete right inguinal hernia, but this fact is of no moment in the face of our conclusion that plaintiff suffered no accident of any kind.
For the reasons assigned, the judgment appealed from is affirmed at plaintiff's cost. *Page 207