HARDY, Judge.
This is a compensation claim in which plaintiff seeks to recover total permanent disability from defendant, Baker Tank Company, and its insurer. After trial there was judgment in favor of defendants rejecting plaintiff’s demands, from which this appeal has been taken.
Plaintiff claims to have sustained an epi-gastric hernia, sometimes called a ventral hernia, while working as a laborer in the employ of the defendant, Baker Tank Company, engaged in clearing a site for oil drilling operations. Particularly plaintiff claims that he sustained the said injury while lifting a thorn tree which was described as being about 18 inches in diameter and some 75 to 100 feet in length. In answer to question of his counsel on direct examination as to how he was hurt, plaintiff made the following answer: “By taking up a thorn tree. And I was grabbing my end and had my stomach against it on the end of the tree, and when I lift it, it struck me a pain.”
Two defenses are urged. First, conceding the existence of an epigastric or ventral hernia, it is denied that the same resulted from any accidental injury while in the employ of defendant, but, on the contrary, had been of long standing over a period of years, and, second, it is denied that plaintiff was in the employ of defendant, Baker Tank Company.
In our opinion this case turns upon the question of fact as to whether plaintiff actually sustained the hernia in the manner and at the time claimed. The testimony of witnesses for the parties plaintiff and defendant is in violent conflict, but we think *628 a brief analysis of the salient features of the testimony before us will serve to substantiate our conclusions.
The testimony of a number of medical experts was introduced but the effect of this testimony is inconclusive 'by reason of the divergencies of opinion. However, an analysis of the expert testimony preponderates in favor of a finding that plaintiff showed no evidence of trauma which should have been present if the accident occurred in the manner contended, and the fact is established, as has been true in other cases of a similar nature too numerous to mention, that the period of existence of a hernia as a general rule cannot be approximated within any reasonable period of time. In other words, medical science cannot accurately fix the time of occurrence of a hernia, by external examination, within a period of weeks, months or even years, although occasionally doctors express an opinion as to whether a hernia has been of long duration or recent occurrence.
In view of the uncertainty of the medical testimony, it is necessary to turn to the testimony of lay witnesses. Plaintiff tendered in support of his own testimony that of his father, with whom he was working on the clearing job at the time of the alleged accident. As opposed to this testimony the defendant produced as witnesses plaintiff’s former wife, her father and the husband of plaintiff’s sister, all of whom testified that the hernia of which plaintiff complains had existed for a long period of time prior to the date fixed by plaintiff as the occurrence of the accident. These three witnesses knew of the existence of the hernia not only by plaintiff’s statements to them but by actual observation, and his divorced wife testified that he had shown her the hernia immediately after their marriage some two years more or less prior to the alleged accident.
Counsel for- plaintiff strenuously urges that the testimony of these witnesses of defendant is prejudiced, motivated with enmity and tainted with utter falsity. Examination of the record does' not disclose any certainly established facts which would justify the -Court in accepting these conclusions. There is no more reason, so far as we are able to discern, to support conclusions of perjured testimony against defendant’s witnesses than there would be against plaintiff and his father, who testified in his behalf.
Under these circumstances, more than ordinary consideration must be accorded to the finding of the trial Judge before whom the witnesses appeared, who had the opportunity of evaluating their credibility. Certainly we would not be justified in concluding that the trial Court was guilty of manifest error.
Looking at the case in the most favorable light, insofar as plaintiff is concerned, it is nontheless clear to us that he has utterly failed to establish his claim by the required preponderance of the evidence.
Our findings of fact which we consider to be determinative of the issues here tendered preclude the necessity of considering the other ground of defense above noted.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.