LOTTINGER, Judge.
This is a workmen’s compensation suit in which petitioner, John Knox, alleges total and permanent disability as the result of a right inguinal hernia which he alleges he sustained during the course and scope of his employment with the Ethyl Corporation. *444 The suit is against the Ethyl Corporation and its compensation insurer, Travelers Insurance Company. From an adverse judgment in the lower court, the petitioner has prosecuted this appeal.
There is no dispute that the plaintiff does have a right inguinal hernia which has caused disability and that his work for the Ethyl Corporation was such as to come under the provisions of the Workmen’s Compensation Act. The only dispute is whether petitioner suffered the hernia as the result of any work performed for his employer.
On the day of the alleged accident, July 10, 1950, plaintiff was working with another Negro, Robert Williams. They were engaged in doing a job called “grinding bath” when petitioner allegedly strained himself. The evidence indicates that the bath comes in 55 gallon drums which are about four feet in height and two and one-half feet in diameter. The particular drums which they were handling weighed approximately 400 pounds each. The drums are emptied by two men tilting the barrel, or drum, up so as to pour the contents out of the mouth, or upper portion, of the drum. Plaintiff testified that, in lifting the drum, with Williams, the feet of his fellow worker slipped, thus putting extra weight on petitioner and causing him to strain himself. Shortly aft-erwards, petitioner complained of a pain in his back, and he reported to the company’s first aid station for treatment. Petitioner received an application of light to his back, and was given a “light work” slip, which served to relieve him from heavy work for four days. Petitioner continued in his work with defendant company until August 6, 1950, when he was fired.
The evidence indicates that plaintiff did not complain, at any time, of pain in the area of his groin, where the hernia exists. However, he did on several occasions, complain of pain in his back. Several company employees were introduced by defendant. They all testified that they did not know of an accident, as alleged by petitioner, and they testified that petitioner did not complain to them of any injury. The only person who did testify in favor of petitioner on that score was a fellow employee, who at the time of the trial, was no longer working for defendant.
The evidence strongly indicated that petitioner was habitually loafing on the job, and that he had been warned, on several occasions, to do better work. Defendant introduced evidence that petitioner had been in a motorcycle accident and had had a fist fight with his brother a short time before the hernia was discovered.
Upon being discharged, it is the practice of the company to have the employees report to the medical department for examination by the company doctor. Petitioner claims that he complained to the doctor that his back was paining him, but that the doctor laughed and told him that he was too big and husky to have anything wrong with him. The doctor testified that no complaint was made by petitioner at the time, and furthermore, since the records of the company indicated a previous back injury, if the petitioner had made such a complaint the doctor would have considered the complaint serious and would have made an examination for the company’s protection.
The petitioner alleged his failure to complain of pain in the region of his groin as twofold: First, that the back pain was of such severity as to overcome any pain in the region of the groin, and second, that the intestines are supported by that part of the body called the messentary which forms a sort of hammock under them and' is fastened in the rear to the back at a place near the point where the plaintiff was suffering pain, and that the hernia was pushing down through this sack, or hammock, which caused a pull on his back, and that the hernia would, therefore, cause paia in the back. Medical experts testified that a hernia would cause a burning sensation or nausea, and that the painful region would be in the area where the intestine protrudes through the messentary of inguinal region.
Dr. Godfrey, testifying for petitioner,, stated that if a person suffers a back pain and hernia at the same time, the back injury might cause so severe pain as to render the pain caused by the hernia hardly *445 noticeable. He further stated, that when a person has large rings, or a predisposition to hernia, as was the case with petitioner, a hernia could occur with little or no pain. Dr. Mayer testified that hernias do sometimes result without causing any pain, but that this is not related in any way to the predispositioned hernia, but from the suddenness of the hernia, which means that the pain would depend upon the amount of tissue that was torn when the hernia occurred. Dr. Mayer did not substantiate petitioner’s claim that hernia would cause a pain in the back.
The lower court, in rendering its decision in favor of defendant, stated as follows:
“Taking all of the evidence into consideration, the Court is of the opinion that due to plaintiff having large inguinal rings he was predisposed to have a hernia, or herniae, and that between the date of his employment and a few days after his termination a right inguinal hernia did develop. When or how it developed, however, the record does not show with any degree of certainty. It is true that plaintiff’s hernia may have developed on the date of the accident, July 10, 1950, however, it may well be that it occurred at many other times. For instance there is strong evidence in the record that plaintiff capsized on his motorcycle about the time of the termination of his employment. There is also strong evidence that plaintiff engaged in a fight with his brother which resulted in the brother having a black eye and having to stay off from work for a few days. It is true that plaintiff denies this, but the Court was impressed with the testimony of the witnesses produced by the defendant to that effect. Furthermore, it is well known that hernias often develop without the person having it known when it does develop and for no apparent cause.
“It is well established that the plaintiff in a compensation case must prove his claim with reasonable certainty and that a court cannot resort to speculation and probabilities in awarding a compensation claim to a claimant.”
The lower court, in rendering decision, distinguished Hill v. J. H. Beaird Corporation, La.App., 19 So.2d 295, and cited Cascio v. Standard Oil Company of New Jersey, La.App., 32 So.2d 66; Duracher v. Canulette Shipbuilding Company, Inc., La.App., 21 So.2d 100; and Smith v. McMichael, La.App., 30 So.2d 205.
The question presented for our determination is solely a factual one. The transcript of testimony is fraught with conflicting and contradictory statements. Petitioner claims that, on numerous occasions, he complained to his fellow workers of pain in his back. His fellow employees, being introduced as witnesses for defendant, failed to substantiate him on that score. Several members of petitioner’s family were introduced as witnesses in rebuttal. It would appear that, had petitioner been so seriously injured and pained, he would have complained of his discomfort at home. However, none of his family testified to the effect that petitioner had complained while at home. There is likewise a strong presumption and indication as found by the lower court that the hernia could have and probably did develop as the result of plaintiff’s activities outside of the performance of the duties of his employment. A petitioner, in a compensation case, must prove his case with reasonable certainty. In view of the absence of more definite proof as to where or how the hernia occurred, we are inclined to believe that the claimant in this instance has failed to prove his case by a preponderance of evidence and with that degree of certainty as is required by law. Furthermore, it is well settled in our jurisdiction that the appellate courts will not disturb the findings of fact by a lower court except when clearly erroneous. The lower court was in a more favorable position than we to weigh and determine the credibility of the witnesses presented. We find no obvious error in its conclusions.
For the reasons assigned, the judgment of the lower court is affirmed.
Judgment affirmed.