68 So.2d 670 (1953)
DAVIS
v.
SWIFT & CO. et al.
No. 8084.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1953.
Rehearing Denied December 29, 1953.
Certiorari Denied March 22, 1954.
*671 Fred W. Jones, Jr., Ruston, Louis D. Smith, Monroe, for appellant.
Hudson, Potts, Bernstein & Davenport, Monroe, for appellees.
GLADNEY, Judge.
Claimant instituted this suit against his employer and its insurance carrier to recover an award of workmen's compensation of $30 per week for the period of permanent and total disability not to exceed four hundred weeks, subject to credit for compensation paid. It is alleged plaintiff sustained an accidental injury on December 12, 1952, while working within the course and scope of his employment. He suffered a strain lifting a heavy box, the effect of which allegedly was to produce a femoral hernia in his left side. After trial there was judgment rejecting plaintiff's demands, hence this appeal.
Presented for our consideration are two principal questions, the first of which is: Did plaintiff suffer a femoral hernia? and, second, if so, did the hernia result from the accident on December 12, 1952?
The material facts leading up to this suit are not in serious dispute. Plaintiff was employed during October, 1952, to perform certain duties for his employer, all of which required manual labor. On December 12, 1952, plaintiff, while lifting a box felt a strain in his left side and fell to the floor. He was immediately placed under the medical care of Dr. William L. Bendel in Monroe, who found that plaintiff had an enlarged inguinal gland in his left groin, apparently caused by trauma. The removal of the gland, which required minor surgery, was accomplished and after a period of recuperation plaintiff was returned to his work on January 19, 1953, and thereafter continued to work until February 4, 1953, at which time he was laid off due to a seasonable change in the business of his employer. Upon being returned to work on January 19th the employee was assigned light work consisting of cleaning and chores not requiring heavy lifting. The reason for changing the class of labor to be performed by the employee followed a policy of the employer, practiced in all cases where an injured or sick employee returned to work. The evidence reflects light work was not given because of any medical instructions, but plaintiff was returned to regular duty by Dr. Bendel.
On February 3, 1953, anticipating laying off its employee the employer sent plaintiff to Dr. Bendel for examination prior to separation from its service. February 4, 1953, Davis was discharged by his employer and returned to Ruston and immediately began to work for Elliott Motor Company and Colvin Upholstery.
Davis testified that on February 13, 1953, he was affected by cold and influenza which caused him to cough and feel pain in his left side, whereupon he went to see Dr. L. C. Bleich of Ruston. Following an examination on that date, Dr. Bleich wrote to Dr. Bendel and promptly received a report on the nature of treatment previously given Davis by Dr. Bendel. Dr. Bleich again examined plaintiff on February 20, 1953, and arrived at the conclusion plaintiff was suffering from a small left femoral hernia and recommended a corrective operation.
The controlling question confronting this court is whether plaintiff suffered a femoral hernia on December 12, 1952, as a result *672 of the accident of that date, and, if so, whether or not plaintiff is permanently and totally disabled by reason of such injury. The testimony of four doctors was taken. Dr. Bleich of Ruston and Dr. Marx of Monroe each testified to the existence of a small femoral hernia. Neither of said doctors testified the hernia was caused by the accident of December 12th, but that it was possible such could have been the case. Plaintiff was also examined by Dr. Walwyn of Ruston shortly after his examination by Dr. Bleich. The testimony of this physician, however, was not obtained and no explanation was made as to why this testimony was not placed in the record. Drs. Bendel and McHenry of Monroe testified that as a result of their examinations plaintiff positively did not have a femoral hernia.
In support of his position plaintiff produced as lay witnesses, Sidney Doffitt and Charles A. Colvin. Colvin did not see plaintiff until after February 4th, therefore some time had elapsed since the accident of December 12th. Doffitt testified as to the occurrence of the accident and also that Davis was assigned light work when he returned on January 19th. Appellant states that he continued to complain to his fellow employees and superiors of pain in his left groin after returning to work on January 19th. However, in this respect he was contradicted by a fellow employee, Charlie Johnson, and by Duncan Smith, the manager, and Earl Henry, the superintendent of the employer's plant, all of whom stated Davis made no complaint of pain and expressed a desire to return to his regular work.
In commenting upon the medical testimony the judge a quo had this to say:
"Dr. W. L. Bendel stated that he had examined over 10,000 patients during the practice of his profession and that a great deal of his work was industrial work or the examination of employees and prospective employees of industrial plants and that he was well qualified to state whether a man had a femoral hernia and that the plaintiff certainly did not have a left femoral hernia at any time that he examined him.
"Dr. A. G. McHenry, who enjoys an enviable reputation in north Louisiana, and who has been practicing medicine for more than forty years, was just as positive as Dr. Bendel that the plaintiff had no left femoral hernia, while on the other hand, Dr. Lemoyne C. Bleich an equally qualified physician, stated the plaintiff did have a left femoral hernia, although a small one. Dr. Fred Marx, of Monroe, also testified that the plaintiff had a small left femoral hernia."
Mindful of the well-established and justified policy of our courts to liberally construe the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., in favor of injured workmen, we are nonetheless of the opinion that plaintiff has failed to prove the existence of a femoral hernia, or that plaintiff suffers a hernia resulting from the accident on December 12th. It should be noted that neither Dr. Bleich nor Dr. Marx would testify with any degree of certainty that the hernia as found by them was caused by the accident. A factor to be considered in connection with the question of causation is that plaintiff returned to his employment and worked from January 19th to February 3rd, during which time there is no evidence that he made a complaint of any disability. Also it should be observed that subsequent to leaving his employment in Monroe he worked for Elliott Motor Company and Colvin Upholstery Company prior to his examination by Dr. Bleich. Plaintiff testified his reason for consulting Dr. Bleich was a condition similar to influenza with heavy sneezing and coughing. Dr. Bleich did not recall having treated plaintiff for this condition, which testimony is to a certain extent contradictory to that given by Davis. All of the medical witnesses admitted it was possible for a sudden sneeze to produce a small hernia if there was a structural weakness of the femoral condition.
*673 The above facts militate against a finding in favor of Davis that he has disability resulting from the accident of December 12th. The recorded evidence does not indicate sequences relating the hernia to the accident. The responsibility rests upon appellant to demonstrate this causal connection.
It has been repeatedly held by this court that the plaintiff carries the burden of proof to establish his claim in a workmen's compensation suit and that conjecture and probability may not serve as a basis of judgment in such a case. See: Cain v. Delta Tank Mfg. Co., Inc., La. App., 1948, 34 So.2d 662; Gaspard v. Baker Tank Company, La.App., 1950, 46 So. 2d 627; Knox v. Ethyl Corp., La.App., 1951, 53 So.2d 443; Hogan v. Stovall Drilling Co., Inc., La.App., 1951, 55 So.2d 284; Rider v. R. P. Farnsworth Co., La. App., 1952, 61 So.2d 204.
The judge who heard and saw the witnesses who testified upon the trial of the case, in rendering judgment rejecting plaintiff's demand, assigned written reasons which fully discuss and decide the pertinent issues in this case. We are in accord with his findings. It is the practice of this court to regard the decision of the trial court with careful consideration and not to overturn a judgment except upon the showing of clear, positive and manifest error. Reeve v. Clement-Braswell Machine and Fabricating Works, La.App., 1953, 66 So. 2d 387.
The record discloses plaintiff amended his petition prior to trial for the purpose of imposing penalties and attorneys' fees as provided for by LSA-R.S. 22:658. In view of the decision reached herein it is unnecessary to give consideration to the issue thus raised.
Appellant has filed in this court a motion to remand to take additional testimony relating to his physical condition. Attached to the motion is an affidavit of Dr. L. C. Bleich who deposed that "he examined Willie Lee Davis, a resident of Lincoln Parish, Louisiana, on February 13, 1953, and on February 20, 1953; that, as a result of these examinations he concluded that Davis suffered from a small left femoral hernia; and, that it is his recommendation that Davis undergo an operation in order to correct this hernia." We are convinced the motion to remand contemplates no additional evidence and, therefore, find no merit in the motion. The motion to remand is denied.
For the foregoing reasons the judgment from which appealed is affirmed.