GLADNEY, Judge.
Plaintiff brought this action to recover workmen’s compensation, with penalties and attorney’s fees, as provided for in LSA-R.S. 23:1201.2, for disability allegedly incurred in an employment accident on October 15, 1958, at which time he was working as a carpenter for W. T. Keeling. The employer and his compensation insurer, Lumbermen’s Mutual Casualty Company, are made defendants herein. The case was put at issue by answer, tried, and judgment rendered rejecting plaintiff’s demands.
The issues presented are principally factual and require evaluation of the evidence relating to the condition of plaintiff’s back which he alleges was injured in the accident and disables him from pursuing his avocation.
While working on a housing project in Hyde Park, Caddo Parish, Louisiana, and engaged in cutting a set of rafters on ground level, an electric power saw which plaintiff was using cut his right thigh, making a cut ten inches long, and severing the muscles and blood vessels down to the knee bone, and further causing a back strain. Following the injuries the employee was under the professional care of Dr. J. C. Willis in a hospital for nine days and continued under treatment until the doctor’s death December 14, 1958. Dr. Norman Lee Mauroner began treating Prothro on December 18th, but on December 22nd advised the employee he was able to return to work and should do so.
Defendants have not questioned the occurrence of the accident nor that compensation was due for an employment injury, and they paid to the employee workmen’s compensation at the rate of $35 per week for a period of 12 weeks through January 6, 1959. Subsequent to the acei- *849 dental injury Prothro worked regularly for Love Bros. Construction Company from January 7, 1959, to April 27, 1959, at which time the work was finished. Several witnesses gave uncontradicted testimony that petitioner’s work was satisfactory to the employer and full carpenter’s wages were paid. The evidence further shows plaintiff has had a more or less continuous work record, but he claims that due to the condition of his back he has been required to do cabinet work which is classified as limited carpentry work. It is plaintiff’s position that he is not able to substantially perform the full duties required of a carpenter, and that consequently he must be considered as being totally and permanently disabled, and that this condition is due to his back injury. He claims that the back injury was incurred on October 15th, at the same time his leg was injured by the electric saw. He testified the accident occurred in the following manner:
“A. Well, I was cutting rafters with this eight and a half inch electric saw, and some way or another, it kicked back out of the timber and got in my leg, and, as you all know, what kind of scar it cut. And at the same time, I don’t know whether I stumbled back over the end of that horse (saw horse) —we always put them up on horses— whether I stumbled back and twisted my back, or just how it happened. So they saw what had happened and they run around there and I threw my arms around two of them’s shoulders, and they carried me to the car. And each one of them had a hold of my leg, and I told one of them — I forget which one of them it was — to let my leg down; that my back was hurting awful bad. So he released his pressure on it, and they got me on to the car and laid me on the back seat and rushed me to the hospital.”
At the time Prothro was injured no one saw the accident, but upon hearing his cries other employees came to his assistance and placed him in an automobile in which he was carried to the hospital where he was treated by Dr. J. C. Willis.
Plaintiff insists he complained of his back injury to Dr. Willis and later on to Dr. Mauroner, both of these doctors, he states, prescribed therapy for his back. Dr. Mau-roner testified he was unable to discover any cause for plaintiff’s subjective complaints concerning his back. He referred Prothro to Dr. D. F. Overdyke, Jr., an orthopedist, who made his first examination on January 27, 1959, and thereafter made several other examinations. Following the taking of X-ray pictures Dr. Over-dyke concluded plaintiff had a weak back which was described as developmental and which the doctor did not consider causally connected with the employment accident. Plaintiff was also examined by Drs. Bennett H. Young, Carson R. Reed, Jr. and Willis J. Taylor, all of whom are orthopedic specialists. These doctors testified they could find nothing wrong with the employee’s back. Drs. Reed and Taylor, after examining the X-ray pictures of plaintiff’s back as taken by Dr. Overdyke, testified they recognized no pathology to any extent different from their own findings. It is thus clear that the overwhelming weight of medical testimony indicates plaintiff did not sustain a disabling back condition as a result of the accident on October 15, 1958.
Plaintiff produced a number of witnesses for the purpose of showing he had constantly complained of his back following the injury to his leg. The witnesses testified that plaintiff complained to them of pain. Additionally, Mrs. Leon Bartlett and Mrs. Dorothy Price testified plaintiff received therapy treatments for his back during December and January.
 In written reasons for judgment, after considering both the medical and lay testimony upon the question of disability and causation, the trial judge held the evidence did not justify a finding that the condition of which plaintiff complained resulted from an accident arising in the *850 course of his employment. It is likewise our opinion the plaintiff has not discharged the burden of proof required of him in order to establish liability. Sufficient conflict in the medical testimony has not arisen as to justify resorting to the lay testimony tendered in this case in order to resolve the issue of disability. Upon examining the lay testimony we note that it consists principally of complaints made to the witnesses by the plaintiff. We cannot, therefore, permit this evidence to overbalance the heavy preponderance of medical evidence to the effect plaintiff’s back is not disabled and that he is capable of fully resuming the duties of his occupation.
There is no manifest error apparent in this case and, accordingly, the judgment from which appealed is affirmed at appellant’s cost.