YARRUT, Judge.
Plaintiff sues for $26.00 weekly workmen’s compensation for 400 weeks, beginning January 24, 1957, less $164.66 already paid, and for penalties and attorney’s fee. Defendant is the compensation insurer of the employer, a cigar manufacturer.
Plaintiff injured her left foot or ankle about January 24, 1957, while employed to operate a machine used to manufacture cigars. To operate this machine it was necessary for her to operate a foot pedal with either foot. Defendant denied Plaintiff was disabled after March 11, 1957, and the necessity that she use her left foot exclusively to operate the pedal.
Plaintiff was not a skilled worker. A person of normal intelligence, after one hour’s instruction, was qualified to push the foot pedal and manipulate the tobacco leaves.
The District Judge rendered judgment in favor of Defendant, dismissing Plaintiff’s suit at her cost, from which Plaintiff has appealed.
On January 24, 1957, while in the wash room at the employer’s plant, Plaintiff fell, turned her left ankle, and was promptly ■treated at the office of Drs. Houston, Roy and Faust. Dr. Roy found she had a “sprain of lateral malleous with swelling.” X-rays taken on the same day were negative.
Upon her discharge by Dr. Houston she returned to her same work on March 12, 1957, until April 23, 1957. Before and after her return to work, she was examined on March 9, 1957 by Dr. Fred B. Berry; on March 12, 1957 by Dr. Byron M. Unkauf and Dr. Houston; on March 19, 1957 by Dr. George D. B. Berkett; on April 1 and 16, 1957 again by Dr. Unkauf; on May 4, 1957 by Dr. H. N. Robinson of Independence, La.; on May 31, 1957 by Dr. James L. Lenoir; on July 29, 1957 by Dr. Irving Redler; on August 27, 1957 reexamined by Dr. Lenoir; and on January 4, 1961 re-examined by Dr. Redler.
The consensus of all medical reports was that Plaintiff was fully recovered, had no residual disability, and could resume her former employment.
As proof of her continued disability, Plaintiff offered the testimony of her sister-in-law; that of her sister; and a brother-in-law; all of whom testified that her left ankle or foot was still injured. Other than herself, no witness testified that, in order to operate the machine, it was necessary for Plaintiff to use her left foot or leg exclusively. Contra is the testimony of her supervisors that, to operate the machine, Plaintiff could use either the right or left, or both feet with equal facility. Therefore, when Plaintiff was discharged by Dr. Houston, she could have operated the machine without pain by simply using her right foot,, if for any reason she did not care to use her left foot.
Plaintiff left New Orleans in May 1957 and moved to Independence, La. She returned to New Orleans in 1960, and, until the time of the trial (October 31, 1961), she worked for the A & P Super-market on Jefferson Highway, a “standing” job in the Meat Department, 8 hours per day, for two days a week; 7)4 hours for three days; and 4 hours for one day; or a total of 42Y2 hours a week; for which she received $48.00 a week. In Independence, La., she worked in a grocery for two weeks; for a box factory in Raceland, La., for four months, at a daily 8-hour standing job; and five weeks in a canning factory, cutting okra while seated.
It is well-settled in our jurisprudence that, in a workmen’s compensation *90 case, Plaintiff carries the same burden, as in other civil cases, to establish his or her claim by a reasonable preponderance of the evidence, beyond mere possibility or probability. Gillespie v. American Bakeries Company, La.App., 98 So.2d 104; Prothro v. Lumbermens Mutual Casualty Company, La.App., 121 So.2d 848.
It is equally well-settled that the conclusions of the trial judge on questions of fact will not be disturbed unless manifestly erroneous. Williams v. Armour Fertilizer Works, La.App., 45 So.2d 640; Nubles v. Texas Gas Transmission Corp., La.App., 72 So.2d 565.
For the above and foregoing reasons, and since we agree with and affirm the District Court’s judgment for Defendant, with dismissal of Plaintiff’s suit, the question of penalties and attorney’s fee becomes moot. Plaintiff is to pay costs in both courts.
Affirmed.