CHASEZ, Judge.
Plaintiff, Willis Washington, seeks to recover workmen’s compensation from defendants, New Orleans Motor Club, Inc., and its insurer, Maryland Casualty Company, for total and permanent disability.
From a judgment rejecting his demands, plaintiff appeals.
It is shown by the record that on January 26, 1961, plaintiff was injured as the result of a truck tire “blowing up” when its retaining rim came off as plaintiff was putting air in it after repairing it. Plaintiff was knocked back a few feet against the gasoline pumps at his employer’s garage. There is no doubt he suffered severe contusion and sprain and laceration of the left thumb and contusion and laceration of the lower right leg.
Compensation was paid plaintiff for about six weeks, by which time the treating physician declared him able to return to work.
Plaintiff has in fact not worked since the accident.
The question is whether, in addition to the injuries recited above, plaintiff also suffered injuries to his lower back, specifically a ruptured lumbar intervertebral disc, as a result of which he claims to be disabled from working.
The record contains the testimony of three physicians who have seen plaintiff. *713 Dr. Morgan Lyons, a general surgeon, had personally treated the plaintiff from February 13, 1961, until March 20, 1961, his associates having treated plaintiff from the day of the accident until February 13th. Dr. Hyman R. Soboloff, a board certified orthopedic surgeon, examined plaintiff on May 10, 1961, and on May 11, 1962. Dr. Blaise Salatich, a qualified orthopedic surgeon, examined plaintiff on November 28, 1961, and again in an anteroom of the district court on the day of trial, November 26, 1962.
Dr. Lyons testified for defendants as to his treatment of plaintiff’s thumb and leg injuries; he also testified that he referred plaintiff to Dr. Soboloff. He did not even mention any back injury. The trial court then inquired whether Dr. Lyons had found any trouble in plaintiff’s back, and was answered: “No, sir, I have no mention of back trouble, Judge. I don’t recall a thing referable to his back, sir.” Dr. Lyons discharged plaintiff, as able to return to work, on March 20, 1961.
Dr. Soboloff testified for defendants that in May of 1961, he found a full range of motion in plaintiff’s back, with no evidence of muscle spasm or tightness; he found no evidence of any musculature neurological disease; X-rays showed nothing other than immaterial congenital malformations. He opined there was no reason why plaintiff could not then have returned to work. Dr. Soboloff again examined plaintiff and had X-rays made in May of 1962, and again concluded there was no evidence of any bone or joint pathology and therefore no reason why plaintiff could not return to his work. Dr. Soboloff testified that, had plaintiff suffered a ruptured disc in January 1961, the various May 1961 motion-range tests would have disclosed a consistent position at which positive clinical findings, whether minor or severe, would be present. Even though the objective findings might be minor, the subjective findings of pain, at times quite intense, would in all cases be present. From his two complete examinations of plaintiff, Dr. Soboloff concluded there is nothing orthopedically wrong with plaintiff. Questioned by the court, he declared he found no evidence whatsoever of a ruptured disc.
Dr. Salatich testified for plaintiff that when he saw plaintiff on November 28, 1961, he was wearing a lumbosacral corset. Plaintiff at that time described having experienced “rather severe right lumbosacral pain, which seemed to radiate into his right hip and leg,” and other complaints referable to his back. Plaintiff presented “* * * predominantly lumbosacral and right lower extremity symptomology” and difficulty and discomfort. Dr. Salatich’s motion-range tests presented clinical findings; he noted loss of normal rate and flexibility of lumbosacral movements in all directions, and right cross-leg, leg stretch and straight leg raising tests were confirmatory. X-rays did not reveal any bony pathology except an unnatural congenital malformity. “I thought at that time, although he did not present all of the cardinal symptomatology required to make a definite diagnosis of ruptured lumbar intervertebral disc, with right nerve root compression, he presented sufficient clinical facts and findings to warrant inability to eliminate satisfactorily such a back condition. In other words, he presented more outstanding clinical facts to warrant the diagnosis than one would have to eliminate.” After his further examination of plaintiff in the anteroom of the court the day of trial, but based primarily on the 1961 examination, Dr. Salatich concluded plaintiff had suffered a ruptured disc with right nerve root compression, which is now in a subsided chronic status, with residual dysfunction and chronic pain, as a result of which he concludes that plaintiff cannot, with reasonable comfort and efficiency, any longer perform work such as that required at his job.
Plaintiff bears the burden of proof in a workmen’s compensation suit, as in any other civil case to establish his or *714 her claim by a reasonable preponderance of the evidence; Guillory v. Amsterdam Casualty Company, 224 La. 225, 152 So.2d 1 (1953); Gillespie v. American Bakeries Company, La.App., 98 So.2d 104; Prothro v. Lumbermens Mutual Casualty Company, La.App., 121 So.2d 848. The ■ trial judge was of the opinion that plain-vtiff did not prove that the accident incapacitated him beyond the time he was discharged by Dr. Lyons (up to which time plaintiff was paid compensation). We agree that the preponderance of the evidence is' with defendants in this matter and note that it is well settled in our jurisprudence that the conclusions of the trial judge on questions of fact will not be disturbed unless manifestly erroneous; Levatino v. American Mutual Liability Insurance Co., La.App., 150 So.2d 88; Williams v. Armour Fertilizer Works, La.App., 45 So.2d 640; Nubles v. Texas Gas Transmission Corp., La.App., 72 So.2d 565.
The judgment appealed from is, therefore, affirmed.
Affirmed.