YARRUT, Judge.
Plaintiff, as the widow of a member of International Longshoremen’s Association, sued to recover $3,000.00 from that Association and The Mutual Life Insurance Company of New York (referred to herein as “Insurer”) as death payment due under a group life insurance policy issued by Insurer to the Trustee under the terms of the New Orleans Steamship Association, International Longshoremen’s Assocation (Independent), Welfare Plan Trust Agreement.
Plaintiff contends her husband died (September 10, 1959) of a heart attack suffered during his employment as a longshoreman, entitling her to recover as beneficiary under the group policy, since he was an “eligible employee” as defined in the policy, at the time of his death.
Upon motion by Plaintiff, the International Longshoremen’s Association was dismissed as a Defendant, without prejudice. After trial on the merits judgment was rendered in favor of Plaintiff against Insurer alúne, from which the latter has taken this appeal.
’ In his Reasons for Judgment the district court, inter alia, wrote:
“Applying the law as enunciated by the Court of Appeal, Fourth Circuit, in the case Franklin v. Old Colony Insurance Company, 150 So. (2d) 893 (sic), certiorari refused, there was a causal connexity between the type of work Mr. Oestriecher was performing and his inability to work during June, July and August 1958. Consequently, he was entitled to Workmen’s Compensation within the meaning of the insurance policy.
“There will be judgment accordingly.”
The question to be decided here is whether Plaintiff’s husband was an “eligible employee” under the group policy with enough active working hours (the minimum being 800), including hours for which he received or was entitled to receive workmen’s compensation for the “fiscal year” in which he died.
An “eligible employee” (A) and “fiscal year” (B) are defined in Section I of the policy, viz.:
(A) “An employee Employed in the Industry (as defined below) for 800 hours or more during the immediately preceding Fiscal Year. For the purposes of determining the number of hours worked, a credit shall be given on a pro rata basis for any periods during which an employee was unemployed and for which he received workmen’s compensation by reason of on-the-job accidents or occupational illnesses while Employed in the Industry.”
(B) “A twelve-month period from October 1 through September 30th, inclusive.” (In the instant case the period involved is October 1, 1957 to September 30, ,1958.)
Insurer denied deceased was an'“eligible employee” at the date of his death, since he did not have credit for the minimum 800 hours (lacking 41) required by the policy.
*463 Being an “eligible employee” for 800 working hours depends upon whether deceased, during June, July and August, 1958, as the result of incapacity to work due to an occupational injury or disease, had received or was entitled to receive workmen’s compensation for the 41 deficit hours.
The group policy was issued on January 1, 1958, to the Trustee of the New Orleans Steamship Association (employers) and the International Longshoremen’s Association (union) Welfare Fund, pursuant to a welfare plan dated October 1, 1956. Under the welfare plan and policy, eligible employees are afforded “fringe” death benefits in the sum of $3,000.00. Each employer participating in the plan must make a proportionate contribution to the fund on behalf of his employees for each hour of work performed. Employees make no contribution. The number of hours worked by each employee is calculated on the contributions received from the employers alone, a record of which is kept to determine eligibility under the policy.
Mr. Garitty, Administrator of the Fund, testified that one-half of the 13,000 employees (longshoremen) are qualified each year under the eligibility requirements of the policy.
The policy provides that the Trustee, through the Administrator of the Fund, must keep records of employees entitled to benefits, and furnish the Insurer, in writing, the names of those employees entitled to coverage, their earnings, and any other facts necessary to determine their coverage, upon which the Insurer is entitled to rely conclusively.
Deceased, to be an “eligible employee” on September 10, 1959 (date of his death), must have been credited by the Administrator with 800 or more working hours during the preceding fiscal year, in this case the twelve-month period from October 1, 1957 to September 30, 1958.
Mr. Garitty further testified that decedent accumulated only 759 hours, lacking 41- of the required 800 minimum for the fiscal year; for which reason his name was not forwarded to Insurer as an “eligible employee” in September, 1958, for the year beginning January 1, 1959.
Plaintiff contends her husband was entitled to credit for the period he was ill and unable to work during June, July and August of 1958, due to a heart attack. Insurer contends that an “eligible employee” is entitled to credit only for periods of unemployment for which he received or was eligible to receive workmen’s compensation benefits; for which proper notice and proof must be furnished by the claimant.
None of Plaintiff’s witnesses, including Plaintiff herself, could testify of their own knowledge that decedent received workmen’s compensation during June, July and August of 1958; and none could state the name of decedent’s employer in June of 1958, or had any firsthand knowledge of the circumstances surrounding the onset of his illness; and could only testify that someone told the family deceased had taken ill at the waterfront. The only medical evidence presented was a bare statement by Dr. Tedesco (since deceased) that he treated decedent for a heart condition during that period.
For an employee to be entitled to workmen’s compensation, he must produce evidence of the time, place, and circumstances of an accident, and medical evidence to support a causal connection between his ailment and his employment; and must sustain the burden of proof by a preponderance of the evidence as in any civil suit, though the method of proof is relaxed, and hearsay is admissible. LSA-R.S. 23:1021 et seq.; Kilman v. Smith, La.App., 28 So.2d 499; Arrington v. Singer Sewing Mach. Co., La.App., 16 So.2d 145; Zito v. Standard Accident Insurance Co., La.App., 76 So.2d 25; Duracher v. Canulette Shipbuilding Co., La.App., 21 So.2d 100.
*464 However, we can find no case where hearsay, twice removed, as is present here, was admitted as proof. The proof here is from third persons who obtained it from the person who obtained it from the injured employee. Speculative and conjectural evidence is not sufficient proof.
Fortenberry v. Kingsville Timber Company, La.App., 136 So.2d 746; Levatino v. American Mutual Liability Insurance Co., La.App., 150 So.2d 88; Franklin v. Old Colony Insurance Company, La.App., 150 So.2d 892, writs refused 244 La. 472, 152 So.2d 564.
The group policy clearly requires that an employee be credited with a minimum of 800 hours of work in the industry during the fiscal year involved, in order to be eligible under the group plan. Without competent evidence to support a finding that decedent received, or was entitled to receive, workmen’s compensation during an alleged illness in June, July and August of 1958, we must hold that the district court was in error in allowing recovery.
When Plaintiff was asked whether deceased received workmen’s compensation from any employer during the period of October 1, 1957, to date of his death on September 10, 1959, she answered that she did not know. When asked if deceased made any claim or brought suit for workmen’s compensation benefits because of any heart ailment, and to give the name of his employer, she answered “no suit instituted.”
There is testimony that deceased received monthly checks, which were later identified as unemployment, not workmen’s compensation payments received the previous year.
Accordingly, the judgment of the district court is reversed, and judgment rendered in favor of Defendants, dismissing Plaintiff’s suit at her cost; Plaintiff to pay costs in both courts.
Judgment reversed.